IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY CAIRNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. |
| FIESTA MART, L.L.C. and | ) | |
| CARROLLTON PARK II, L.P., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, ANTHONY CAIRNS, by and through the undersigned counsel, and files this, his Complaint against Defendants, FIESTA MART, L.L.C. and CARROLLTON PARK II, L.P., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").   In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' FIESTA MART, L.L.C. and CARROLLTON PARK II, L.P., failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.     Plaintiff ANTHONY CAIRNS (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Dallas, Texas (Denton County).

3.     Plaintiff is disabled as defined by the ADA.

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7.      Defendant, FIESTA MART, L.L.C. (hereinafter "FIESTA MART, L.L.C.") is a Texas limited liability corporation that transacts business in the State of Texas and within this judicial district.

8.      Defendant, FIESTA MART, L.L.C., may be properly served with process via its registered agent for service, to wit: CT Corporation System, Registered Agent, 1999 Bryan Street, Suite 900, Dallas, TX  75201.

9.      Defendant, CARROLLTON PARK II, L.P. (hereinafter "CARROLLTON PARK II, L.P."), is a Texas limited partnership that transacts business in the State of Texas and within this judicial district.

10.      Defendant, CARROLLTON PARK II, L.P., may be properly served with process via its registered agent for service, to wit:  John D. Fraser, Registered Agent, 2500 Dallas

Parkway, Suite 600, Plano, TX  75093.

## FACTUAL ALLEGATIONS

11.     On or about February 1, 2019, Plaintiff was a customer at "Fiesta," a business located at 1235 S. Josey Lane, Carrollton, TX  75006, referenced herein as "Fiesta"

12.     Plaintiff lives only seven miles from the Property.  Plaintiff routinely travels in the area where the Property is located.

13.     FIESTA MART, L.L.C. is the lessee or sub-lessee of the real property and improvements that are the subject of this action.

14.     CARROLLTON PARK II, L.P. is the owner or co-owner of the real property and improvements that Fiesta is situated upon and that is the subject of this action, referenced herein as the "Property."

15.     Plaintiff's access to the business(es) located at 1235 S. Josey Lane, Carrollton, TX  75006, Dallas County Property Appraiser's parcel number 65114955210050000 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants, FIESTA MART, L.L.C. and CARROLLTON PARK II, L.P., are compelled to remove the physical barriers to access and correct the ADA violations that exist at Fiesta and the Property, including those set forth in this Complaint.

16.     Plaintiff has visited Fiesta and the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting Fiesta and the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and Fiesta and the Property are accessible again.  The purpose of the revisit is to be a regular

3

customer, to determine if and when Fiesta and the Property are made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

17.     Plaintiff intends on revisiting Fiesta and the Property to purchase goods and/or services as a regular customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

18.     Plaintiff travelled to Fiesta and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at Fiesta and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Fiesta and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

19.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

20.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)   discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health

services, voting, and access to public services;

(iv)     individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)      the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

21.     Congress explicitly stated that the purpose of the ADA was to:

(i)      provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)     provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

         * * * * *

(iv)     invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

22.      The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

23.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

24.     Fiesta is a public accommodation and service establishment.

5

25.     The Property is a public accommodation and service establishment.

26.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

27.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

28.     Fiesta must be, but is not, in compliance with the ADA and ADAAG.

29.     The Property must be, but is not, in compliance with the ADA and ADAAG.

30.      Plaintiff has attempted to, and has to the extent possible, accessed Fiesta and the Property in his capacity as a customer of Fiesta and the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Fiesta and the Property that preclude and/or limit his access to Fiesta and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31.     Plaintiff intends to visit Fiesta and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Fiesta and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Fiesta and the Property that preclude and/or limit his access to Fiesta and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including

6

those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32.    Defendants, FIESTA MART, L.L.C. and CARROLLTON PARK II, L.P., have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Fiesta and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

33.    Defendants, FIESTA MART, L.L.C. and CARROLLTON PARK II, L.P., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, FIESTA MART, L.L.C. and CARROLLTON PARK II, L.P., are compelled to remove all physical barriers that exist at Fiesta and the Property, including those specifically set forth herein, and make Fiesta and the Property accessible to and usable by Plaintiff and other persons with disabilities.

34.    A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to Fiesta and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Fiesta and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i)    There is at least one accessible parking space in front of Fiesta Mart that does not have a properly marked access aisle in violation of Section 502.3.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

(ii)     Due to a policy of Fiesta Mart to locate a shopping cart corral in the access aisle, the access aisle located across the vehicular way from Fiesta Mart is not clear or level in violation of section 502.3 and 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iii)    Due to a policy of placing a garbage can in the access aisle, there is an access aisle adjacent to the accessible parking space across the vehicular way from Fiesta Mart that is too narrow, is not level and not clear in violation of Section 502.3 and 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iv)     The accessible parking space in front of Fiesta Mart is missing a proper identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(v)      The Property lacks an accessible route from the sidewalk to the accessible entrances of the Property in violation of Section 206.2.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(vi)     Due to a policy by the Property owner of placing parking stops in front of the access aisle of the accessible parking space located in front of Fiesta Mart, the access aisle is not marked in a manner that discourages parking in them, the parking stops at the end of the access aisle encourages cars to park in the access aisle in violation of section 502.3.3 of the 2010 ADAAG Standards.

(vii)    The access aisle in front of Fiesta Mart has vertical rises in excess of ¼ inch due to broken surfaces, these broken surfaces are due to a failure to implement an adequate policy of maintenance.  This is a violation of section 502.4 of the 2010 ADAAG Standards.

(viii)   The interior of Fiesta Mart has service counters, such as the meat counter, lacking any portion of the counter that has a maximum height of 36 (thirty-six) inches from the finished floor in violation of Section 904.4 of the 2010 ADAAG standards, all portions of the sales and service counter exceed 36 (thirty-six) inches in height from the finished floor. This violation made it difficult for Plaintiff to properly transact business at the Facility.

(ix)    The vertical reach to the customer service bell at the meat counter in Fiesta Mart exceeds the maximum allowable height of 48 (forty-eight) inches above the finish floor or ground in violation of Section 308.3.1 of the ADAAG standards. This violation made it difficult for Plaintiff to property utilize public features of the Facility.

(x)     The drinking fountain at Fiesta Mart lacks adequate knee and toe clearance that complies with section 306 of the 2010 ADAAG standards and is therefore in violation of Section 602.2 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff to utilize public features of the Facility.

(xi)    Due to a policy of placing objects in the access route leading to the restroom the interior of Fiesta Mart has walking surfaces lacking a 36 (thirty-six) inch clear width in violation of Section 403.5.1 of the 2010 ADAAG standards. This

violation made it difficult for Plaintiff to properly utilize public features at the Facility.

(xii)   Due to a policy of placing objects in the access route leading to the restroom the interior of Fiesta Mart there is not a single accessible route connecting all of the publicly accessible spaces and elements within the Fiesta Mart  in violation of section 206.2.4 of the 2010 ADAAG Standards.

(xiii)  Due to the placement of a shopping cart corral placed on the exterior access route which blocks a 36 inch clear accessible route with no alternative route provided, the Property lacks an accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property and/or Facility in violation of Section 206.2.2 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access public features of the Property.

(xiv)   Due to the placement of a shopping cart corral placed on the exterior access route which blocks a 36 inch clear accessible route with no alternative route provided, there is a lack of a 36 inch exterior accessible route in violation of section 403.5.1 of the 2010 ADAAG standards.

(xv)    There is an accessible parking space near Unit 520 that is missing a proper identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(xvi)   There is an accessible parking space near Unit 520 that does not have a properly marked access aisle in violation of Section 502.3.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

(xvii)   There is at least one access aisle near Unit 520 that has excessive vertical rise and is in violation of Section 303.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xviii)  The access aisle adjacent to the accessible parking spaces near Unit 520 has a slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and are not level. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xix)    The walking surfaces of the accessible route near Unit 511 have a slope in excess of 1:20 in violation of Section 403.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property. As the accessible route is in excess of 1:20, it is considered a ramp, moreover, it has a total rise greater than six (6) inches, yet does not have handrails in compliance with Section 505 of the 2010 ADAAG standards, this is a violation of Section 405.8 of the 2010 ADAAG Standards.  This violation made it difficult for Plaintiff to access the units of the Property.

(xx)     The walking surfaces of the accessible route near Unit 511 have excessive cross slope exceeding 1:48 in violation of Section 403.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(xxi)    There is an excessive vertical rise along the accessible route or path near Unit 511 in violation of Section 303.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Property.

(xxii)  The access aisle adjacent to the accessible parking spaces near Unit 510 has a slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and are not level. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xxiii)  Near Unit 510, there is an excessive vertical rise at the threshold from the access aisle to the sidewalk in violation of Section 303.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Property.

(xxiv)  Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**RESTROOMS IN FIESTA MART**

(i)  The Facility lacks restroom signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff to locate accessible restroom facilities.

(ii)  The door to the restrooms has a minimum clear width below 32 (thirty-two) inches in violation of Section 404.2.3 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(iii)The door of the restroom entrance of the Facility lacks a proper minimum maneuvering clearance due to the close vicinity of the door hardware to the adjacent wall in violation of Section 404.2.4 of the 2010 ADAAG standards.  This made it difficult for Plaintiff to safely utilize the restroom facilities.

(iv)     The restroom stall door hardware is improper in violation of Section 404.2.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff to utilize the restroom facilities.

(v)      The accessible toilet stall lacks the required size and turning clearance as required in Section 604.8.1.1 of the 2010 ADAAG standards.  This violation made it difficult for Plaintiff to utilize the restroom.

(vi)     The restrooms in the Facility have grab bars adjacent to the commode which are not in compliance with Section 604.5 of the 2010 ADAAG standards as the rear bar is missing. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(vii)    The restrooms lack at least one toilet compartment that is in compliance with section 604.8.1, this is a violation of section 213.3.1 of the 2010 ADAAG standards.  This violation made it difficult for Plaintiff to utilize the toilet while in his wheelchair.

(viii)   The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of Section 606.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(ix)     The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff to properly utilize public features of the restroom.

(x)     The paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

35.     The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Fiesta and the Property.

36.     Plaintiff requires an inspection of Fiesta and the Property in order to determine all of the discriminatory conditions present at Fiesta and the Property in violation of the ADA.

37.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

38.      All of the violations alleged herein are readily achievable to modify to bring Fiesta and the Property into compliance with the ADA.

39.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Fiesta and the Property is readily achievable because the nature and cost of the modifications are relatively low.

40.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Fiesta and the Property is readily achievable because Defendants, FIESTA MART, L.L.C. and CARROLLTON PARK II, L.P., have the financial resources to make the necessary modifications.

41.     Upon information and good faith belief, Fiesta and the Property have been altered since 2010.

42.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with

the 1991 ADAAG standards.

43.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, FIESTA MART, L.L.C. and CARROLLTON PARK II, L.P., are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Fiesta and the Property, including those alleged herein.

44.     Plaintiff's requested relief serves the public interest.

45.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, FIESTA MART, L.L.C. and CARROLLTON PARK II, L.P.

46.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, FIESTA MART, L.L.C. and CARROLLTON PARK II, L.P., pursuant to 42 U.S.C. §§ 12188 and 12205.

47.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, FIESTA MART, L.L.C. and CARROLLTON PARK II, L.P., to modify Fiesta and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant, FIESTA MART, L.L.C., in violation of the ADA and ADAAG;

(b)     That the Court find Defendant, CARROLLTON PARK II, L.P., in violation of the ADA and ADAAG;

(c)     That the Court issue a permanent injunction enjoining Defendants, FIESTA MART, L.L.C. and CARROLLTON PARK II, L.P., from continuing their

discriminatory practices;

(d)     That the Court issue an Order requiring Defendants, FIESTA MART, L.L.C. and

CARROLLTON PARK II, L.P., to (i) remove the physical barriers to access and

(ii) alter the subject Fiesta and the Property to make it readily accessible to and

useable by individuals with disabilities to the extent required by the ADA;

(e)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses

and costs; and

(f)     That the Court grant such further relief as deemed just and equitable in light of the

circumstances.

Dated: February 22, 2019.

Respectfully submitted,

Law Offices of
THE SCHAPIRO LAW GROUP, P.L.

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
Northern District of Texas ID No. 54538FL
*Attorney-in-Charge of Plaintiff*
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com


Law Offices of
LIPPE & ASSOCIATES

/s/  Emil Lippe, Jr.
Emil Lippe, Jr., Esq.
State Bar No. 12398300
Lippe & Associates
12222 Merit Drive, Suite 1200
Dallas, TX 75251
Tel: (214) 855-1850

Fax: (214) 720-6074
emil@texaslaw.com


ATTORNEYS FOR PLAINTIFF
ANTHONY CAIRNS